Martin J. Foley
Martin J. Foley, a PLC
601 S. Figueroa Street, Suite 2050
Los Angeles, California 90017
martin@mjfoleylaw.com
(213) 248-0577

Edward H. Rice (*pro hac vice* forthcoming)
Marina N. Saito (*pro hac vice* forthcoming)
Law Office of Edward H. Rice, LLC
555 Skokie Blvd., Suite 500
Northbrook, Illinois 60062
ed@edwardricelaw.com
marina@edwardricelaw.com
(312) 953-4566

Counsel for Plaintiff,
Sichuan Qianli-Beoka Medical Technology Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| Sichuan Qianli-Beoka Medical Technology Inc.,<br><br>    Plaintiff,<br><br>    vs.<br><br>Hyper Ice, Inc. and Hyperice IP Subco, LLC,<br><br>    Defendants. | Case No.: 8:25-cv-00452<br><br>**DECLARATORY JUDGMENT COMPLAINT** |

Plaintiff Sichuan Qianli-Beoka Medical Technology Inc. ("Beoka"), for its Complaint against Defendants Hyper Ice, Inc. and Hyperice IP Subco, LLC (collectively, "HYPERICE") alleges:

**NATURE OF THE ACTION**

1.   This is a civil action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. and the Patent Laws of the United States, 35 U.S.C. § 1 et seq. for declaratory judgment of non-infringement and invalidity of U.S. Patent No. 11,857,482 ("the '482 Patent"—attached as Exhibit 1), U.S. Patent No.

11,938,082 ("the '082 Patent"—attached as Exhibit 2), and U.S. Patent No. 12,133,826 ("the '826 Patent"—attached as Exhibit 3) (collectively, the "Asserted Patents").

2.  Beoka brings this action in view of the actual controversy that HYPERICE has created under the Asserted Patents by asserting a patent enforcement threat against a customer ("Renpho") to which Beoka supplies certain massage gun products (the "Accused Beoka Massage Guns") that Renpho sells on Amazon.com.

3.  In a February 21, 2025, email to Renpho, HYPERICE demanded that Renpho provide a sales accounting on the Accused Beoka Massage Guns and pay a royalty for those products under the Asserted Patents if it continued to sell those products.

4.  In that email, HYPERICE threatened that if Renpho did not enter into a license agreement for the Accused Beoka Massage Guns by March 7, 2025, HYPERICE would "request that Amazon remove the listings and/or . . . file a complaint for patent infringement."

5.  The Amazon listings that HYPERICE has threatened to have Amazon remove include at least those identified by the Amazon Standard Identification Number ("ASIN") B0DP2KT1J7, B0DP2JZVZ4, B0D6GH17XJ, and B0DKSYFK5Z.

6.  HYPERICE has affirmatively alleged that Renpho is infringing the Asserted Patents, and it has threatened infringement litigation under those patents against the Accused Beoka Massage Guns.

7.  HYPERICE's demand, threats and allegations have created a reasonable apprehension that Renpho will face a patent infringement action if it continues to sell the Accused Beoka Massage Guns.

8. HYPERICE's demand, threats, and allegations against Renpho have created in Beoka a reasonable apprehension that HYPERICE will sue Beoka, as the product manufacturer with potential indemnity liability to Renpho, for infringement claims asserted against the Accused Beoka Massage Guns.

9. HYPERICE's demand, threats, and allegations against the Accused Beoka Massage Guns and, specifically, its threats to have Amazon remove Renpho's product listings have created in Beoka a reasonable apprehension that HYPERICE will enforce the Asserted Patents in an effort to take down the Amazon product listings for comparable products that Beoka sells to other customers.

## PARTIES

10. Beoka is a Chinese company, with a principal place of business at Longtan Industrial Park 2nd Sec., East 3rd Ring Road, Chenghua District, Chengdu, China.

11. Beoka manufactures certain massage guns, which it sells to various retailers including Renpho and others.

12. Upon information and belief, Hyper Ice, Inc. is a corporation organized under California law with its principal place of business at 525 Technology Drive, Suite 100, Irvine, CA 92618.

13. Upon information and belief, Hyperice IP Subco, LLC is a limited liability company organized under Delaware law.

14. Upon information and belief, Hyperice IP Subco, LLC is a wholly-owned subsidiary of Hyper Ice, Inc.

## JURISDICTION AND VENUE

15. The Court has subject matter jurisdiction over the patent claims in this action under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and

under 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the patent laws of the United States, Title 35 U.S.C. § 1 et seq.

16. The Court has personal jurisdiction over Hyper Ice, Inc. because, upon information and belief, Hyper Ice, Inc. resides in California and in this judicial district.

17. The Court has personal jurisdiction over Hyperice IP Subco, LLC because, upon information and belief, Hyperice IP Subco, LLC is wholly owned by Hyper Ice, Inc. and functions purely as a holding company for patents acquired by Hyper Ice, Inc.

18. Upon information and belief, Hyper Ice, Inc. and Hyperice IP Subco, LLC have filed multiple patent enforcement lawsuits in various jurisdictions as joint co-plaintiffs.

19. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because Hyper Ice, Inc. and Hyperice IP Subco, LLC both reside in this district as residency is defined in 28 U.S.C. § 1391(c)(2).

## BACKGROUND

20. HYPERICE owns a family of patents ("the Patent Family") directed to certain massage gun devices.

21. Upon information and belief, the Patent Family currently includes over eight issued patents and over five pending patent applications.

22. The issued patents in the Patent Family include the '482 Patent (issued in January 2024), the '082 Patent (issued in March 2024), and the '826 Patent (issued in November 2024).

23. HYPERICE, which purchased the rights to the Patent Family from the original owners, continues to prosecute continuation applications.

24. HYPERICE currently is involved in multiple lawsuits involving the '482 Patent and the '082 Patent ("Existing Lawsuits").

25. In the "leading" set of Existing Lawsuits—which are pending in this district—the parties have filed their claim construction briefs. The claim construction hearing (Markman hearing) currently is scheduled for April 16, 2025.

26. Whereas the lawsuits identified above involve the '482 and '082 Patents, this lawsuit involves the '482, '082 and '826 Patents.

27. The massage heads in the Accused Beoka Massage Guns connect to the massage gun piston in a manner that differs from the connection mechanism in the accused products in the lawsuits identified above.

28. In the Accused Beoka Massage Guns, the massage head has a threaded stem that screws into a threaded hole at the end of the piston ("screw-mount head") as illustrated in the images below:




5

Declaratory Judgment Complaint

29. The claims of the Asserted Patents are directed to a massage gun device that, among other things, include a "drive mechanism" that "controls" or "determines" a "predetermined stroke length of the piston."

30. The claims of the Asserted Patents also are directed to a massage gun that, among other things, includes interchangeable massage heads and structures that facilitate the function of removing and replacing these heads while the massage gun is operating (i.e., while its piston is moving rapidly back and forth).

31. Claims 1, 32, and 34 are the only independent claims of the '482 Patent.

32. Among other things, Claim 1 requires:

> a drive mechanism that controls a predetermined stroke length of the piston; and . . .
>
> a quick-connect system comprising the distal end of the piston and a first massaging head, wherein the quick-connect system is configured to secure the first massaging head to the percussive massager by a proximal end of the massaging head being slid into the bore while the piston reciprocates the predetermined stroke length at the first speed.

'482 Patent at column 10, lines 8-9, 11-17.

33. Claim 32 requires, among other things:

> positioning a drive mechanism that controls a predetermined stroke length of the piston within the housing, wherein the quick release connector is configured to secure a first massaging head by sliding the first massaging head into the bore while the piston reciprocates the predetermined stroke length at the first speed.

'482 Patent at column 11, lines 55-60.

34. Claim 34 requires, among other things:

> a drive mechanism . . . that controls a predetermined stroke length of the piston; and . . .
>
> a quick release connector at the distal end of the piston, wherein the quick release connector is configured to secure a first massaging head while the piston

>reciprocates a predetermined stroke length at the first speed, wherein the first massaging head has a substantially cylindrical pocket to receive the quick release connector.

'482 Patent at column 12, lines 5-7, 8-14.

35. Claims 1 and 18 are the only independent claims of the '082 Patent.

36. Among other things, Claim 1 requires:

>a drive mechanism that controls a predetermined stroke length of the piston; and
>
>a quick-connect system comprising the distal end of the piston and a first massaging head, wherein the quick-connect system is configured to have a proximal end of the first massaging head inserted into or removed from the bore while the piston reciprocates the predetermined stroke length at the first speed.

'082 Patent at column 10, lines 4-5, 6-11.

37. Claim 18 requires, among other things:

>providing a drive mechanism configured to control a redetermined stroke length of the piston; and
>
>providing a quick-connect system comprising the distal end of the piston and a first massaging head, wherein a proximal end of the first massaging head is configured to be inserted into or removed from the bore while the piston reciprocates the predetermined stroke length at the first speed.

'082 Patent at column 11, lines 10-11, 12-17.

38. In the '826 Patent, Claim 1 is the only independent claim.

39. Among other things, Claim 1 requires:

>a drive mechanism that determines a redetermined stroke length of the piston; and . . .
>
>quick-connect system comprising the distal end of the piston and a first messaging head, wherein the quick-connect system allows a first massaging head to be connected or removed while the piston reciprocates the predetermined stroke length at the first speed.

'826 Patent at column 10, lines 11-12, 16-20.

40. None of the Asserted Patents describes a "drive mechanism" (as Hyperice has construed that term in other litigation) that performs the function of "controlling" or "determining" a "predetermined stroke length" of the piston (as those terms are properly construed).

41. In each of the Asserted Patents, a "drive mechanism" (as Hyperice has construed that term) cannot "control" or "determine" a "predetermined" stroke length of the piston" (as those terms are properly construed).

42. None of the claim language quoted above for the Asserted Patents identifies any structure or mechanism responsible for connecting the piston to the first massaging head; i.e., for holding the two together.

43. None of the claim language quoted above for the Asserted Patents identifies any structure or mechanism responsible for facilitating the quick removal of a massage head that is connect to the piston; i.e., for easily separating the two.

44. None of the claim language quoted for the Asserted Patents above identifies any structure or mechanism responsible for facilitating the insertion of a proximal end of a massage head into a bore in the piston while the piston is reciprocating rapidly.

45. The only structures or mechanisms identified in the Asserted Patents for performing these quick-connect, quick-disconnect, and insertion functions are disclosed in the written description portion of the specification and not in the independent claims.

46. The Accused Beoka Massage Guns use a screw mount head to connect the massage head to the piston.

47. This screw mount head is not the same as, or equivalent to, any head connecting structure that is disclosed in the Asserted Patents.

48. The Accused Beoka Massage Guns do not infringe claim 1 of the '482 Patent at least for the reason that they do not include a "quick-connect system" at a distal end of the piston and a proximal end of the first massaging head as required by claim 1 of the '482 claims, or a "quick release connector" configured to secure a first massaging head as required by claims 32 and 34 of the '482 Patent.

49. The Accused Beoka Massage Guns do not infringe the '082 Patent at least for the reason that they do not include a "quick-connect system" at a distal end of the piston and a proximal end of the first massaging head as required by all of the '082 claims.

50. The Accused Beoka Massage Guns do not infringe the '826 Patent at least for the reason that they do not include a "quick-connect system" at a distal end of the piston and a first massaging head as required by all of the '826 claims.

## COUNT I

### (NON-INFRINGEMENT - '482 PATENT)

51. Beoka incorporates the allegations contained in each of the above paragraphs as though fully set forth in this paragraph.

52. An actual, justiciable, and continuing controversy exists between the Beoka and HYPERICE concerning whether the Accused Beoka Massage Guns infringe the '482 Patent.

53. The Accused Beoka Massage Guns do not infringe any claim of the '482 Patent.

54. Beoka seeks a declaration that the Accused Beoka Massage Guns do not infringe any of the '482 Patent claims.

# COUNT II

## (INVALIDITY - '482 PATENT)

55. Beoka incorporates the allegations contained in each of the above paragraphs as though fully set forth in this paragraph.

56. An actual, justiciable, and continuing controversy exists between the Beoka and HYPERICE concerning whether the claims of the '482 Patent are valid.

57. All claims of the '482 Patent are invalid under 35 U.S.C. § 102 and/or § 103 in view of at least one or more of the following references, alone or in combination:

U.S. Patent No. 4,513,737

U.S. Patent Publication No. 2007/0150004

U.S. Patent No. 6,682,496

KR101123926B1

U.S. Patent No. 6,599,260

CN202682282U

U.S. Patent Publication No. 2014/0358045

How to Use the Dual Percussive Massager (https://www.youtube.com/watch?v=b56dHXQxg6E) ("Percussive Tapper")

Brookstone Active Sport Handheld Massager (https://www.youtube.com/watch?v=MvGkABvQGZg) ("Brookstone")

U.S. Patent No. 5,134,777

U.S. Patent Publication No. 2008/0243039

U.S. Patent Publication No. 2015/0374576

U.S. Patent No. 8,083,699

U.S. Patent No. 6,432,072

U.S. Patent No. 1,339,179

58. All claims of the '482 Patent are invalid under 35 U.S.C. § 112, at least for failure to meet the written description and/or definiteness requirements.

59. Beoka seeks a declaration that the '482 Patent claims are invalid.

## COUNT III

## (NON-INFRINGEMENT - '082 PATENT)

60. Beoka incorporates the allegations contained in each of the above paragraphs as though fully set forth in this paragraph.

61. An actual, justiciable, and continuing controversy exists between the Beoka and HYPERICE concerning whether the Accused Beoka Massage Guns infringe the '082 Patent.

62. The Accused Beoka Massage Guns do not infringe any claim of the '082 Patent.

63. Beoka seeks a declaration that the Accused Beoka Massage Guns do not infringe any of the '082 Patent claims.

## COUNT IV

## (INVALIDITY - '082 PATENT)

64. Beoka incorporates the allegations contained in each of the above paragraphs as though fully set forth in this paragraph.

65. An actual, justiciable, and continuing controversy exists between the Beoka and HYPERICE concerning whether the claims of the '082 Patent are valid.

66. All claims of the '082 Patent are invalid under 35 U.S.C. § 102 and/or § 103 in view of at least one or more of the following references, alone or in combination:

    U.S. Patent No. 4,513,737

    U.S. Patent Publication No. 2007/0150004

    U.S. Patent No. 6,682,496

KR101123926B1

U.S. Patent No. 6,599,260

CN202682282U

U.S. Patent Publication No. 2014/0358045

How to Use the Dual Percussive Massager (https://www.youtube.com/watch?v=b56dHXQxg6E) ("Percussive Tapper")

Brookstone Active Sport Handheld Massager (https://www.youtube.com/watch?v=MvGkABvQGZg) ("Brookstone")

U.S. Patent No. 5,134,777

U.S. Patent Publication No. 2008/0243039

U.S. Patent Publication No. 2015/0374576

U.S. Patent No. 8,083,699

U.S. Patent No. 6,432,072

U.S. Patent No. 1,339,179

67. All claims of the '082 Patent are invalid under 35 U.S.C. § 112, at least for failure to meet the written description and/or definiteness requirements.

68. Beoka seeks a declaration that the '082 Patent claims are invalid.

## COUNT V

### (NON-INFRINGEMENT - '826 PATENT)

69. Beoka incorporates the allegations contained in each of the above paragraphs as though fully set forth in this paragraph.

70. An actual, justiciable, and continuing controversy exists between the Beoka and HYPERICE concerning whether the Accused Beoka Massage Guns infringe the '826 Patent.

71. The Accused Beoka Massage Guns do not infringe any claim of the '826 Patent.

72. Beoka seeks a declaration that the Accused Beoka Massage Guns do not infringe any of the '826 Patent claims.

# COUNT VI

## (INVALIDITY - '826 PATENT)

73. Beoka incorporates the allegations contained in each of the above paragraphs as though fully set forth in this paragraph.

74. An actual, justiciable, and continuing controversy exists between the Beoka and HYPERICE concerning whether the claims of the '826 Patent are valid.

75. All claims of the '826 Patent are invalid under 35 U.S.C. § 102 and/or § 103 in view of at least one or more of the following references, alone or in combination:

> U.S. Patent No. 4,513,737
> U.S. Patent Publication No. 2007/0150004
> U.S. Patent No. 6,682,496
> KR101123926B1
> U.S. Patent No. 6,599,260
> CN202682282U
> U.S. Patent Publication No. 2014/0358045
> How to Use the Dual Percussive Massager (https://www.youtube.com/watch?v=b56dHXQxg6E) ("Percussive Tapper")
> Brookstone Active Sport Handheld Massager (https://www.youtube.com/watch?v=MvGkABvQGZg) ("Brookstone")
> U.S. Patent No. 5,134,777
> U.S. Patent Publication No. 2008/0243039
> U.S. Patent Publication No. 2015/0374576
> U.S. Patent No. 8,083,699
> U.S. Patent No. 6,432,072
> U.S. Patent No. 1,339,179

76. All claims of the '826 Patent are invalid under 35 U.S.C. § 112, at least for failure to meet the written description and/or definiteness requirements.

77. Beoka seeks a declaration that the '826 Patent claims are invalid.

## REQUEST FOR RELIEF

WHEREFORE, Beoka asks this Court to:

a. Find that none of the Accused Beoka Massage Guns, including those listed under Amazon ASIN B0DP2KT1J7, B0DP2JZVZ4, B0D6GH17XJ, and B0DKSYFK5Z, or other comparable products having screw-mount heads, infringe the '482 Patent;

b. Find that the '482 Patent claims are invalid;

c. Find that none of the Accused Beoka Massage Guns, including those listed under Amazon ASIN B0DP2KT1J7, B0DP2JZVZ4, B0D6GH17XJ, and B0DKSYFK5Z, or other comparable products having screw-mount heads, infringe the '082 Patent;

d. Find that the '082 Patent claims are invalid;

e. Find that none of the Accused Beoka Massage Guns, including those listed under Amazon ASIN B0DP2KT1J7, B0DP2JZVZ4, B0D6GH17XJ, and B0DKSYFK5Z, or other comparable products having screw-mount heads, infringe the '826 Patent;

f. Find that the '826 Patent claims are invalid;

g. Award Beoka a permanent injunction enjoining HYPERICE from asserting the '482, '082 and '826 Patents against the Accused Beoka Massage Guns and any other Beoka massage guns that are substantially the same, in all relevant respects, to the Accused Beoka Massage Guns.

h. Find that this case is an "exceptional case" under 35 U.S.C. § 285 and that Beoka is entitled to its attorney fees;

     i.     Award Beoka other and further relief as may be proper under the circumstances.

### DEMAND FOR JURY TRIAL

Beoka request a trial by jury under Rule 38 of the Federal Rules of Civil Procedure of all issues that may be determined by a jury.

Dated: March 7, 2025

By: *Martin J. Foley*
     Martin J. Foley